IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ETHAN MULLINS,

        Plaintiff,

v.                                   CIVIL ACTION NO. 2:25-cv-00144

WORTHINGTON HEALTHCARE CENTER,

        Defendant.

**ORDER**

This matter is before the Court on the *Motion to Compel Discovery Responses* filed by Defendant Worthington Healthcare Center ("Defendant") on September 2, 2025. (ECF No. 15). The time for Plaintiff Ethan Mullins ("Plaintiff") to file a response under Local Rule 7.1(a)(7) having expired, the motion is now ripe for review. For the reasons set forth herein, Defendant's motion is **GRANTED**.

The Federal Rules of Civil Procedure provide that "[a] party seeking discovery may move for an order compelling an answer . . . [or] production . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Further, this Court's Local Rule on discovery disputes provides that "[o]bjections to . . . discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling

order(s), or stipulation of the parties . . . , whichever governs, are waived unless otherwise ordered for good cause shown." LR Civ. P. 37.1(a).

Here, Defendant served its *First Set of Requests for Admission to Plaintiff*, *First Request for Production of Documents to Plaintiff*, and *First Set of Interrogatories to Plaintiff* (the "discovery requests") on July 2, 2025. (ECF No. 15-1). Despite receiving an extension of time to reply due to "health issues with a family member" of Plaintiff's counsel, Plaintiff failed to serve timely responses to the discovery requests. (ECF No. 15 ¶¶ 5–6). Further, Plaintiff's counsel failed to respond to defense counsel's written email correspondence requesting to meet and confer regarding the responses (ECF No. 15 ¶¶ 3, 6–7), and later failed to respond to Defendant's subject motion.

Nor has Plaintiff attempted to make any showing of good cause for these failures. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 526 (S.D. W. Va. 2007) (compelling plaintiff to respond to discovery and finding that plaintiff's untimely objections were waived absent good-cause showing). Plaintiff has not only failed to show good cause, but indeed has made no effort to address his failure to serve timely discovery responses or otherwise explain his conduct. *Id*. Accordingly, Defendant "requests that the Court enter an order compelling Plaintiff to respond to Defendant's Interrogatories and Request for Production of Documents." (ECF No. 15 at 3).

Accordingly, Defendant Worthington Healthcare Center's "Motion to Compel Discovery Responses" (ECF No. 15) is **GRANTED**. It is **ORDERED** that Plaintiff Ethan Mullins' objections to Defendant's *First Set of Requests for Admission to Plaintiff*, *First Request for Production of Documents to Plaintiff*, and *First Set of Interrogatories to*

*Plaintiff* are **WAIVED**, and, pursuant to Rule 36[1] of the Federal Rules of Civil Procedure, each of the matters listed in Defendant's *First Set of Requests for Admission to Plaintiff* is deemed admitted. It is further **ORDERED** that Plaintiff **SHALL** provide Defendant with full and complete responses to Defendant's *First Request for Production of Documents to Plaintiff* and *First Set of Interrogatories to Plaintiff* within **fourteen (14) days** of the date of this Order.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTERED: September 18, 2025

Dwane L. Tinsley
United States Magistrate Judge

---

[1] The Court notes that Defendant erroneously cites Rule 33 of the Federal Rules of Civil Procedure as applying to Requests for Admission.